# United States District Court
# Northern District of Indiana

| | | |
|---|---|---|
| JASON M. JONES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 3:16-CV-012 JVB |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Jason M. Jones, a *pro se* prisoner, filed a habeas corpus petition challenging WCC 15-10-0220, a prison disciplinary proceeding held at the Westville Correctional Facility on October 15, 2015, where the Disciplinary Hearing Body (DHB) found him guilty of possessing a cellular telephone in violation of A-121. As a result, he was sanctioned with the loss of 90 days earned credit time, but the deprivation was suspended and has not yet been imposed. (DE 1 at 1; DE 1-1 at 5.) As such, Mr. Jones has not yet lost any earned credit time as a result of this hearing.

A prison disciplinary action can only be challenged in a habeas corpus proceeding where it results in the lengthening of the duration of confinement. *Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003). Here, because this disciplinary proceeding did not result in the lengthening of the duration of his confinement, habeas corpus relief is not available. Because there is no relief that he can obtain in this habeas corpus proceeding, the petition is DENIED pursuant to SECTION 2254 HABEAS CORPUS RULE 4 and this case is DISMISSED WITHOUT PREJUDICE. If in the future the suspended sanction is imposed, then he may file another habeas corpus petition challenging this hearing.

**SO ORDERED** on January 13, 2016.

                                              s/ Joseph S. Van Bokkelen
                                              Joseph S. Van Bokkelen
                                              United States District Judge
                                              Hammond Division